United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 11, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 25-36662** |
| **STEELE BANCSHARES, INC.,** | § | |
| | § | |
| **Debtor.** | § | |
| | § | **CHAPTER 7** |

**ORDER APPROVING FEE APPLICATION IN PART, AND DENYING IN PART**

Before the Court is the First Interim Application for Compensation and Reimbursement of Expenses (ECF No. 85) filed by Beard Kultgen Brophy Bostwick & Dickson, PLLC ("Beard Kultgen") for services rendered and expenses incurred as special counsel in this case. The Applicant requests this Court's approval of fees in the amount of $166,644.50, and additional expenses in the amount of $5.60, for a total sum of $166,650.10. The Court approves the Fee Application in part and denies it in part for the following reasons.

The Chapter 7 Trustee filed the Application to Employ Beard Kultgen Brophy Bostwick & Dickson, PLLC as Special Counsel on February 6, 2026, for the limited purpose of negotiating and documenting the purchase and sale of the debtor's ownership interest in American State Bank (ECF No. 31). On March 24, 2026, an Agreed Order Approving the Application to Employ Beard Kultgen Brophy Bostwick & Dickson, PLLC as Special Counsel was filed,[1] and clarified that Beard Kultgen is being retained solely to sell the SBI Shares, which are not property of the estate, and shall not incur any fees or expenses chargeable to the estate for the marketing or sale of the SBI Shares. The order also required Beard Kultgen and/or the Receiver to seek authority to be excused from marketing and selling the shares of SBI from the State Court upon the granting of the trustee's motion at ECF No. 26. That motion was granted on March 24, 2026 (ECF No. 66).

Although Beard Kultgen's employment was not approved until March 24, 2026, the billing entries submitted in the application begin on February 5, 2026. The Court will therefore strike the billing for all work incurred prior to date the Court approved employment, March 24, 2026, in the amount of $31,261.50.

[1] ECF No. 67.

In assessing the reasonableness of the requested fees, the Court has broad discretion to award or curtail attorneys' fees under Section 330.[2] Furthermore, 11 U.S.C. § 330(a)(4)(A) mandates that "the court shall not allow any compensation for (i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case. The party requesting a fee award has the burden of establishing the reasonableness of its request.[3] Here there are several entries where two attorneys billed for the same conference.[4] The Court stresses that efficiency of counsel is of paramount importance in these cases and will reduce the requested fees by $3,402.50.

**THEREFORE, IT IS ORDERED** that the First Interim Application for Compensation and Reimbursement of Expenses is approved in part and denied in part, and the applicant is awarded compensation in the amount of $131,980.50, and expenses in the amount of $5.60, for a total sum of $131,986.10 as a priority administrative expense under 11 U.S.C. § 507(a)(2).

**IT IS FURTHER ORDERED** that Janet S. Northrup, Chapter 7 Trustee is authorized to pay the approved fees and expenses in the total amount of $131,986.10 to Beard Kultgen; and it is further

**ORDERED** that this Court hereby retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

SIGNED 09/11/2026

Jeffrey Norman
United States Bankruptcy Judge

[2] *In re Woerne*r, 783 F.3d 266 (5th Cir. 2015).
[3] *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995).
[4] See entries at 3/24/26, 3/30/26, 3/31/26, 4/21/26, 4/23/26, 5/4/26, 5/5/26, 5/19/26, 5/26/26, 6/2/26, 6/9/26, 6/19/26, and 6/23/26.